# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALEXIS BIRBRAGHER and ORLANDO BIRBRAGHER AS NEXT FRIEND, AND GUARDIANS OF D.B., A MINOR<br><br>Plaintiffs,<br><br>v.<br><br>ROBIN HOOD CAMP, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiffs by and through their attorneys, Terry Garmey & Associates, and complains against the Defendant as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs, Alexis Birbragher and Orland Birbragher, as Next Friend, and Guardians of D.B., a minor, at all times relevant to this lawsuit was a resident of the State of Florida, County of Miami-Dade, City of Miami.

2. Defendant Robin Hood Camp, Inc. is a Maine corporation with a principal place of business in the Town of Brooksville, County of Hancock and State of Maine.

3. A Notice of Claim was forward to Robin Hood Camp, Inc. and received by Robin Hood Camp, Inc. on November 1, 2017.  Pursuant to 14 M.R.S.A. § 1602-B, pre-judgement interest began to accrue on that date.

4. Jurisdiction is proper because the parties reside in different states and the amount on controversy exceeds $75,000.00.  See U.S.C. § 1332.

## FACTS RELATED TO ALL COUNTS

5. D.B., is a 14 year-old boy living in Miami, Florida.

6. Defendant owns, operates and manages camp in Brooksville, Maine.

7. D.B. applied for entrance and was accepted to attend Defendant's camp.

8. D.B. was enrolled and began attending the camp facility in Brooksville beginning on July 2, 2017.

9. This was D.B.'s first summer away from home at camp.

10. On July 17, 2017 three Robinhood campers assaulted D.B.

11. D.B. was held down on the floor of the "Overlook" cabin assigned to him to sleep in by Robin Hood Camp.

12. Minor campers D.S. and I.V. held D.B. on the floor while minor B.J. penetrated D.B.'s anus with his finger.

13. The three assailants were assigned to live in the cabin "Overlook" with D.B.

14. The assault occurred with camp counselors present in another part "Overlook" of the cabin.

15. The Counselors were hired and employed by Defendant.

16. Thomas and Desai ignored D.B.'s loud screams and verbal protests.

17. When the attack was over, D.B. reported it to the counselors.

18. The counselors did nothing that evening.

19. The three assailants slept in the same cabin as D.B.

20. The assailants threatened D.B. that evening with further harm if he persisted in his efforts to disclose what they had done to him.

21. The following morning the Robinhood counselors asked D.B. if they wanted them to handle the boys personally or if D.B. really wanted to report the assault.

22. D.B. was adamant that the assault be reported.

23. The counselors eventually notified Robinhood Camp Management including the camp Director Rick Littlefield.

24. Pursuant to Title 22 of Maine Revised Statutes, Chapter 1071 section 4011 and standard protocols including those promulgated by the American Camp Association ("ACA"),[1] Robinhood Camp is mandated to report child abuse or neglect to appropriate State authorities.

25. Rather than report the incident and facilitate an impartial and independent investigation, Robin Hood Camp almost sent D.S., I.V. and B.J. home, outside the jurisdiction of Maine law enforcement.

26. With no suspects to apprehend or interview, the District Attorney was unable to bring a criminal case against the assailants (s*ee police investigation with correspondence from the District Attorney's Office dated July 31, 2017 attached hereto as Plaintiffs Exhibit A)*.

27. The counselors who received the first report and the camp Director Rick Littlefield actively minimized the severity of what D.B. had endured at the hands of the three assailants.

---

[1] **Required report to department.** The following adult persons shall immediately report or cause a report to be made to the department when the person knows or has reasonable cause to suspect that a child has been or is likely to be abused when acting in a professional capacity: A youth camp administrator or counselor.

3

28. Law Enforcement was not notified until D.B.'s mother called from Miami, Florida after the perpetrators had fled the jurisdiction.

29. D.B.'s parents would have called the police themselves earlier had they not been falsely assured by Mr. Littlefield that the incident was minor horseplay and the camp would take appropriate action (*see email dated July 18, 2017 from Alexis Birbragher to Robin Hood Camp, Elizabeth Rammel attached hereto as Plaintiffs Exhibit B*).

30. Before calling law enforcement or D.B.'s parents, the very first thing Mr. Littlefield did was call his attorney.

31. The camp's reputation and financial interests were put before the rights and safety of D.B. and other campers.

32. The failure to report the crimes caused D.B. to suffer damages and for the perpetrators to avoid any type of accountability for their egregious conduct.

33. Once the Birbragher's were able to speak directly to their son it was very apparent that what happened to D.B. was not minor horseplay.

34. After speaking to their son, they demanded that the police become involved but the camp had already released the three assailants who fled the jurisdiction.

35. The Birbragher's immediately made arrangements to be near their son and D.B. met them in New York City the following day.

36. Since that time D.B. has engaged in professional counseling and has had troubling questions about his sexual identity.

37. The camp did not provide a safe living environment for D.B.

38. The conduct of the Director Littlefield and Robinhood counselors constitutes negligent hiring, training, management and supervision of its employees.

39. The camp knew or should have known of the troubled past of at least one of the assailant campers.

40. There were prior incidents during the summer of 2017 involving at least one of the assailants.

41. Robinhood Campers behaving inappropriately on the premises were not held accountable.

42. The assailants were likely emboldened to perpetrate the brazen assault by the lackadaisical oversight provided by the Robinhood staff.

43. The counselors in the "Overlook" cabin were negligent in not intervening during the incident or reporting it immediately.

44. The orientation process, rule making and enforcement of existing rules at the camp appear as either inadequate or are not being enforced.

45. The public's trust in this camp is misplaced and that the type of conduct between the assailants and D.B. is not being recognized and corrected in a manner consistent with safe operation of an overnight camp for children.

## COUNT I
## (NEGLIGENCE)

46. Plaintiff repleads, realleges and incorporates the allegations and averments in paragraphs 1-45 of the Complaint as though fully set forth herein.

47. The Defendant's conduct further caused Plaintiffs to incur severe pain, suffering, mental anguish, and physical injury.

48. Plaintiffs have suffered of pocket expenses totaling at least $20,196.32.

49. Plaintiffs entrusted Defendant with the custody and care of their minor son.

50. Defendant had a duty to provide Plaintiffs son with the same level of protection and care that he would receive if living at home.

51. Defendant was required to guard against misconduct of its employees, agents and campers directed at D.B. and other similarly situated campers.

52. Defendant knew or should have known the assailants were likely to commit harmful acts to third parties, including Plaintiff.

53. Defendant should have been supervising Plaintiff and assailants at time of the assault.

54. Defendant should have responded and intervened during the time the assailants were assaulting Plaintiff.

55. Camp had a duty to put in place policies and procedures and with respect to hiring competent counselors and ensuring they were properly trained to monitor, identify, document and report the misconduct of campers.

56. Camp had a duty to put into place policies and procedures or protocols for documenting, reporting and if necessary detaining campers who have committed acts of harmful to the campers.

57. Defendant violated its duties to D.B. and his parents causing pecuniary and non-pecuniary damages.

## NEGLIGENT MISREPRESENTATION

58. Plaintiff repleads, realleges and incorporates the allegations and averments in paragraphs 1-57 of the Complaint as though fully set forth herein.

59. Defendant Robinhood by and through its agents, servants and/or employees, misrepresented to Plaintiffs that it provided a safe environment for DB, that DB was unharmed by the actions of the assailant campers and that the incident was not reportable to law enforcement.

60. Defendant through its agents, servants and/or employees, in the course of its business, profession and/or employment supplied false information for the guidance of Plaintiffs in their parenting decision to send DB to the Defendant camp and in the manner in which they responded to DB's assault by fellow campers.

61. Defendant failed to exercise reasonable care or competence in obtaining and/or communicating this information supplied to Plaintiffs for guidance in their parenting decisions involving DB's attendance at the Defendant camp and response to the assault on DB.

62. Plaintiffs justifiably relied to their detriment on these misrepresentations by Defendant.

63. Defendant's misrepresentations caused the Plaintiffs to suffer substantial injuries including but not limited to, substantial pecuniary, economic, and consequential damages.

## COUNT II
## (BREACH OF FIDUCIARY DUTY)

64. Plaintiff repleads, realleges and incorporates the allegations and averments in paragraphs 1-63 of the Complaint as though fully set forth herein.

65. Plaintiff placed her trust and confidence in the assurances, representations and experience of the Defendant to utilize all due diligence in handling the care of DB.

66. Defendant, because of its influence and position during the course of DB's care and attendance at Defendants overnight camp, it enjoyed a disparity of position and influence over Plaintiffs and DB.

67. In comparison to minor Plaintiff, Defendant was in a superior position in the context of providing for the safety, supervision and well-being of campers, providing competent employees and/or agents, conducting screening of potentially dangerous campers, disciplining campers and investigating and reporting potentially criminal conduct of campers

68. Plaintiff's parents were in Florida and placed confidence and trust in Defendant to adequately care for their son while stayed weeks at the camp and was subject to the camps rules, routines and confined to its schedule and premises.

69. Consequently, Defendant owed Plaintiffs a fiduciary duty to exercise all skill, prudence and diligence in the handling of DB's care and attendance at camp.

70. Defendant breached their fiduciary duty to Plaintiffs causing economic and non-economic damages.

### COUNT III
### (CIVIL CONSPIRACY)

71. Plaintiff repleads, realleges and incorporates the allegations and averments in paragraphs 1-70 of the Complaint as though fully set forth herein.

72. Defendants committed independently recognized torts contained herein.

73. Defendants acted in concert to commit aforementioned unlawful acts through unlawful means.

74. The Defendants caused Plaintiff to suffer pecuniary and non-pecuniary harm.

## COUNT IV
## (PUNATIVE DAMAGES)

75. Plaintiff repleads, realleges and incorporates the allegations and averments in paragraphs 1-74 of the Complaint as though fully set forth herein.

76. Defendants acted with malice toward Plaintiffs.

77. Defendants' wrongful conduct was so outrageous that malice may be implied.

WHEREFORE, Plaintiffs demand judgment against Defendant, an assessment of all damages recoverable under the Laws of the State of Maine, interests, costs and such further relief that the law may allow.

Plaintiffs further demand an assessment of punitive damages against the defendant in an amount sufficient to punish and deter the defendant from the type of conduct complained of herein in the future.

## DEMAND FOR JURY TRIAL

Plaintiffs Alexis Birbragher and Orland Birbragher as Next Friend, and Guardians of D.B., a minor, hereby demand a trial by jury on all issues in this Complaint.

Dated at Portland, Maine this 25th day of January, 2019.

Respectfully submitted,

*/s/ Christian C. Foster, Esq.*
Christian C. Foster, Esq., Bar. No. 9086

9

TERRY GARMEY & ASSOCIATES
482 Congress Street, Suite 402
Portland, ME 04101
(207) 899-4644 phone
(207) 541-9242 fax
cfoster@garmeylaw.com